JESSE S. SINCLAIR'S ADM'RS, ET AL., *v.* MARY SINCLAIR.

**Husband and Wife.**

> Where it is not shown that a husband received money arising from the sale of his wife's property, under an agreement to invest it for her benefit, or that he received it under such an agreement with any one, it is held, since he received it without such agreement, that it became his absolutely.

APPEAL FROM SCOTT COURT OF COMMON PLEAS.

January 10, 1880.

OPINION BY JUDGE COFER:

The evidence, if conceded to be competent, does not prove that the testator received the money arising from the sale of his wife's property, derived by her from Parker, under an agreement to invest it for her benefit, or that he received it under such an agree-

ment with any one, and having received it without such agreement it became his absolutely, and the appellee has no more right to it than if it had not come to her husband through her. This proposition needs no argument or authority for its support.

A single witness swears that he heard the testator say he had invested the money in the Lucas farm for his wife's benefit. Another says the testator always said he intended to invest it for her benefit, and a third that he had heard frequent conversations by the testator in regard to the disposition of the Frankfort property as to whether it was better for her to hold the property or to sell it and invest the proceeds in the Lucas farm, for which the testator was then negotiating, and that he had also heard the same question discussed after the purchase of the farm, and the testator said the money arising from the sales had been invested in that farm. This is all the evidence conducing to prove the alleged agreement, and we feel no hesitation in saying it is insufficient. But one witness ever heard the testator say he had invested the money for the wife's benefit. One heard him say he intended to do so, and another heard him say the money had been invested in the farm, but without any statement that it was invested for her benefit.

On the other hand we have the fact that the testator took the title to himself and held it in that way up to the time of his death, which was an act of bad faith towards his wife, if in fact he made the agreement alleged, and is amply sufficient to rebut any presumption of agreement arising from his statement that he had invested the money for his wife's benefit. We also have several circumstances conducing to show that Mrs. Sinclair knew how the title was held and failed to make any objection to it or to assert any claim that the land was hers.

Nor do we see any ground upon which the testator can be held to have received the money in trust for his wife independent of the alleged agreement with her. In the absence of such an agreement the presumption is that he received it as husband, and held and used it as his own.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*W. S. Darnaby, J. F. Robinson, Finnell & Stevenson, for appellants. A. Duvall, Geo. V. Payne, Geo. E. Prewitt, for appellee.*